1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  FILEMON COLORES, as an individual and on behalf of all others similarly situated, | Case No. 1:21cv-00101-JLT-BAM (Consolidated with 1:21-cv-00467-JLT-BAM) |
| 12 | |
| 13                      Plaintiff, | ORDER CONTINUING STAY |
| 14           v. | (Docs. 65, 66,) |
| 15  RAY MOLES FARMS, INC., a California Corporation; and DOES 1 through 100, | |
| 16 | |
| 17                      Defendant. | |
| 18  RAY MOLES FARMS, INC., a California Corporation, | |
| 19 | |
| 20                      Cross-Complainant, | |
| 21           v. | |
| 22  FILEMON COLORES, as an individual on behalf of all others similarly situated, | |
| 23                      Cross-Defendants. | |
| 24 | |

25         Filemon Colores brings claims on behalf of himself and similarly situated individuals

26   alleging that Ray Moles Farms, Inc. ("Ray Moles") engaged in several violations of the

27   California Labor Code and Business and Professions Code. (Doc. 1 at 12–29). On March 31,

28   2023, this Court compelled certain of the claims in this case to arbitration, dismissed those

                                              1

1   claims without prejudice, and stayed the remaining claims not compelled to arbitration (the

2   "non-individual" claims arising under California's Private Attorneys General Act (PAGA) Cal.

3   Lab. Code, § 2698 *et seq.*), as well as all pending motions regarding the non-arbitrable claims,

4   pending the California Supreme Court's decision in *Adolph v. Uber Technologies, Inc.*, No.

5   G059860, 2022 WL 1073583 (Cal. Ct. App., Apr. 11, 2022), review granted (Cal. July 20,

6   2022). On July 17, 2023, the California Supreme Court issued its ruling: *Adolph v. Uber Techs.,*

7   *Inc.*, 14 Cal. 5th 1103 (2023).

8        The parties filed status reports addressing the impact of *Adolph* on these proceedings.

9   (Docs. 65, 66.) For the reasons set forth below, the Court will leave the stay in place, without

10  prejudice to the filing before the assigned magistrate judge of a formal motion to lift the stay to

11  allow discovery to proceed.

12                                **DISCUSSION**

13       The Court incorporates by reference the general background on this case and on the

14  Federal Arbitration Act provided in its previous order. (Doc. 65.)

15       Plaintiff's eighth cause of action sets forth claims under PAGA. In its March 2023 order,

16  this Court surveyed the pre-*Adolph* caselaw as follows:

17          [] *Viking River* [*Cruises v. Moriana*], explained that PAGA actions
            are "representative" in two ways: (1) "in that they are brought by
18          employees acting as representatives—that is, as agents or
            proxies—of the State"; and that (2) "they are predicated on code
19          violations sustained by other employees." 142 S. Ct. [1923,] 1916
            [(2022)]. The Court further explained that "when the word
20          'representative' is used in the second way, it makes sense to
            distinguish 'individual' PAGA claims, which are premised on
21          Labor Code violations actually sustained by the plaintiff, from
            'representative' (or perhaps quasi-representative) PAGA claims
22          arising out of events involving other employees." *Id.*

23          Prior to *Viking River*, the California Supreme Court in *Iskanian v.
            CLS Transp. L.A.*, LLC, 59 Cal. 4th 348, 383–84 (2014), mandated
24          that "categorical waivers of PAGA standing are contrary to state
            policy and that PAGA claims cannot be split into arbitrable
25          individual claims and nonarbitrable 'representative' claims."
            *Viking River*, 142 S. Ct. at 1916. *Viking River* overturned the latter
26          half of this rule on the grounds that *Iskanian*'s holding was
            preempted by the FAA "insofar as it precludes division of PAGA
27          actions into individual and non-individual claims through an
            agreement to arbitrate." *Viking River*, 142 S. Ct. at 1923–26.
28          However, *Viking River* left intact *Iskanian*'s holding that wholesale

waivers of PAGA claims are invalid because they would impermissibly include waiver of a plaintiff's ability to bring agent/proxy representative claims. *Viking River*, 142 S. Ct. at 1924–25. "Thus, under *Viking River*, waivers of the right to assert representative PAGA claims on the state's behalf remain barred, but employees may waive the right to bring PAGA claims that are specifically premised on labor code violations they have personally suffered." *Hansber*, 2022 WL 16836627, at *6 (E.D. Cal. Nov. 9, 2022) (citing *Viking River*, 142 S. Ct. at 1923–26).

(Doc. 64 at 9-10.) The Court examined the Agreement at issue in this case and found that it only sought to waive/prohibit Plaintiff from bringing PAGA claims predicated on code violations sustained by other employees. (*Id*. at 10.) In other words, the Agreement did not seek to prohibit Plaintiff from bringing agent/proxy claims on behalf of the State and therefore was not an impermissible "wholesale waiver." (*Id*. at 11.) As a result, the PAGA claim could be split into "individual" and "non-individual" or "representative" PAGA claims. (*Id*.) Pursuant to the Agreement, the "individual" PAGA claims were ordered to arbitration. (*Id*.) Recognizing that *Viking River* called for dismissal of the remaining "representative" PAGA claims for lack of standing once the "individual" claims were sent to arbitration, this Court stayed resolution of the representative PAGA claims because Justice Sotomayor's concurrence in *Viking River* acknowledged that the question of statutory standing to pursue PAGA representative claims ultimately was subject to clarification under state law, *Viking River*, 142 S. Ct. at 1925, and the very issue was then pending before the California Supreme Court in *Adolph*.

Adolph ultimately did clarify the issue of standing, holding that "[w]here a plaintiff has brought a PAGA action comprising individual and non-individual claims, an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA." 14 Cal. 5th at 1123. The California Supreme Court explained:

As [prior California Supreme Court cases] make clear, a worker becomes an "aggrieved employee" with standing to litigate claims on behalf of fellow employees upon sustaining a Labor Code violation committed by his or her employer. Standing under PAGA is not affected by enforcement of an agreement to adjudicate a plaintiff's individual claim in another forum. Arbitrating a PAGA plaintiff's individual claim does not nullify the fact of the violation or extinguish the plaintiff's status as an aggrieved employee. . .

*Id.* at 1121. Critically, the California Supreme Court specifically addressed the interplay between any pending arbitration and the standing issue:

> [Defendant] contends that unless Adolph's non-individual claims are dismissed, his PAGA action will run afoul of *Viking River* because he will be permitted to relitigate whether he is an aggrieved employee in court to establish standing even if he has agreed to resolve that issue in arbitration as part of his individual PAGA claim.
>
> In response, Adolph explains that his PAGA action could proceed in the following manner if he were ordered to arbitrate his individual PAGA claim: First, the trial court may exercise its discretion to stay the non-individual claims pending the outcome of the arbitration pursuant to section 1281.4 of the Code of Civil Procedure. Following the arbitrator's decision, any party may petition the court to confirm or vacate the arbitration award under section 1285 of the Code of Civil Procedure. If the arbitrator determines that Adolph is an aggrieved employee in the process of adjudicating his individual PAGA claim, that determination, if confirmed and reduced to a final judgment (Code Civ. Proc., § 1287.4), would be binding on the court, and Adolph would continue to have standing to litigate his nonindividual claims. If the arbitrator determines that Adolph is not an aggrieved employee and the court confirms that determination and reduces it to a final judgment, the court would give effect to that finding, and Adolph could no longer prosecute his non-individual claims due to lack of standing. (*See Rocha v. U-Haul Co. of California* (2023) 88 Cal. App. 5th 65, 76–82.)

14 Cal. 5th at 1123–24 (emphasis added). In sum, *Adolph* specifically indicated that the question of whether an employee would "continue to have standing" to litigate his representative PAGA claims could be determined in arbitration and that determination would be binding on the Court hearing the representative PAGA claims. *Id.* Even more importantly, *Adolph* acknowledged that failure to allow the arbitrator to determine in the first instance whether a plaintiff is an "aggrieved employee" might run afoul of *Viking River*. *Id.*

Plaintiff's status report ignores this latter part of *Adolph*'s holding,[1] and instead insists that none of the remaining claims are impacted by *Adolph*, asks the Court to rule on the pending motions pertaining to those claims, and requests a scheduling conference at the Court's "earliest convenience" so that discovery may proceed. (Doc. 66 at 2–4.) Plaintiff expresses concern that because this case was originally filed in state court nearly three years ago, there is a potential for

---

[1] The 2023 California appellate decisions cited by Plaintiff (Doc. 66 at 3) all predate *Adolph*.

"spoliation of evidence as aggrieved employee contact information is quickly becoming outdated and the risk of loss or destruction of relevant documents and information is increasing." (*Id*. at 4.)

In response, Defendant calls for the stay to continue, pointing out that (1) it remains unclear at this point whether *Adolph* will be appealed to the Supreme Court, as the deadline for filing a petition for a writ of certiorari does not expire until mid-October 2023; and (2) even if *Adolph* is not appealed, this case should be stayed pending the outcome of the arbitration process for the reasons explained in *Adolph* itself. The Court finds Defendant's position persuasive under the circumstances. If *Adolph* is appealed, this matter would essentially return to the procedural status prevailing at the time the Court entered its previous stay order. In other words, though *Viking River* calls for dismissal of Plaintiff's representative PAGA class action, the *Adolph* appeal to the Supreme Court may alter that landscape in ways that cannot be predicted in advance, warranting a stay until the U.S. Supreme Court declines certiorari or rules. If, on the other hand, *Adolph* is not appealed, the proper course of action, as the *Adolph* decision itself indicated, will be to stay this matter until the arbitration concludes, at which time the parties can return to this Court to address any res judicata impact of the arbitrator's decision. Either way, the case will not proceed on the merits at this time.

## CONCLUSION

Accordingly, the Court will continue to **STAY** Colores's representative PAGA claims—and all unresolved motions related to those claims—pending further legal developments. The parties are directed to file a brief joint status report within 21 days of any material developments (e.g., resolution of the arbitration and/or resolution of any appeal in *Adolph*), or every 90 days, starting 90 days from the date of this order, whichever is sooner.

Considering the ruling above, the Court declines to address Plaintiff's request to lift the stay for purposes of allowing discovery to proceed. Plaintiff's request on that subject is generic, fails to acknowledge the full import of *Adolph* and therefore fails to address fully the relative burdens and benefits of lifting the stay to allow discovery—even limited discovery—to proceed. Should Plaintiff continue to believe it is appropriate to lift the stay for the purpose of conducting

discovery, Plaintiff may notice a motion to that effect before the assigned magistrate judge. The undersigned expresses no opinion on the merit of any such motion.

IT IS SO ORDERED.

Dated:   **September 25, 2023**

UNITED STATES DISTRICT JUDGE