**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FILEMON COLORES, as an individual and on behalf all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>RAY MOLES FARMS, INC., a California Corporation; and DOES 1 through 100,<br><br>    Defendant<br><br>RAY MOLES FARMS, INC., a California Corporation<br><br>    Cross-Complainant,<br><br>vs.<br><br>FILEMON COLORES, as an individual and on behalf all others similarly situated,<br><br>    Cross-Defendants. | Case No. 1:21-cv-00101-NONE-BAM<br><br>**ORDER RE JOINT MOTION FOR CLARIFICATION OF MARCH 31, 2023 ORDER**<br><br>**(Doc. 73)** |

On March 31, 2023, the Court granted in part Defendant Ray Moles's motion to compel arbitration, compelling to arbitration and dismissing without prejudice Plaintiff Filemon Colores's first seven causes of action arising under California's Labor Code and Business and Professions Code. (Doc. 64 at 1–2.) The March 31 Order also addressed Plaintiff's eighth cause of action, which contained claims arising under California's Private Attorneys General Act. (*See* Doc. 10;

1

*see also Colores v. Ray Moles Farms*, Inc., No. 1:21-cv-467-NONE-SAB at Doc. 1.) The Court concluded that the PAGA claims should be split into "individual" PAGA claims, which should proceed to arbitration, while the remaining "non-individual" (i.e., "representative") PAGA claims should be stayed and therefore should remain pending before this Court. (Doc. 64 at 9–13.) The Court also stayed "all unresolved motions related to [the stayed representative PAGA] claims—pending further legal developments." (*Id*. at 13.)

Two motions to dismiss were pending at the time. The first was a motion filed by Ray Moles challenging the pleading sufficiency of the first seven causes of action and challenging the PAGA (eighth) cause of action on several grounds. (Doc. 15.) Colores also filed a motion to dismiss Ray Moles's counterclaims, one of which contended that PAGA is unconstitutional. (Doc. 35.) There remains some confusion about whether and to what extent the arbitrator may consider the motions to dismiss in resolving the claims that have been sent to arbitration. At the behest of the mediator, the parties have filed a Joint Motion for Clarification. (Doc. 73.) Having considered the entire record, the Court provides the following clarification:

Through its March 31, 2023 order, the Court intended to stay and retain jurisdiction over only those aspects of the eighth cause of action that raise "non-individual" (i.e. "representative") PAGA claims. The Court also intended to stay and retain jurisdiction over only those aspects of Ray Moles's motion to dismiss (Doc. 15) and/or Colores's motion to dismiss Ray Moles's counterclaims (Doc. 35) that pertain to the "non-individual" PAGA claims. For example, Ray Moles's motion to dismiss challenges the pleading sufficiency of the first seven causes of action, all of which have been referred to arbitration and dismissed from this action without prejudice. Nothing in this Court's orders should be construed as precluding the arbitrator from hearing and deciding those aspects of that motion to dismiss. Ray Moles's motion to dismiss also challenged the entirety of the eighth cause of action, which has now been split into "individual" PAGA claims and "non-individual" PAGA claims. The former (the "individual" PAGA claims) have been compelled to arbitration as well.  Therefore, to the extent any aspect of Ray Moles's motion to dismiss could be construed as attacking the individual PAGA claims that are now before the arbitrator, nothing in this Court's orders should be construed as precluding the arbitrator from

considering those arguments. The Court is fully aware that Ray Moles' motion to dismiss does not clearly delineate—because it was not an issue at the time—between "individual" and "non-individual" PAGA claims. That motion also incorporates by reference all of Ray Moles's arguments for dismissal of the non-PAGA claims into its arguments for dismissal of the PAGA claims. This means there may be some overlap between arguments raised in the pending motions that pertain to the dismissed non-PAGA and individual PAGA claims, and arguments that pertain to the non-individual PAGA claims. This fact does not alter the Court's opinion that the Court's Orders should not be construed as precluding the arbitrator from considering those incorporated and/or overlapping arguments. How this Court might treat any decisions the arbitrator may render on those overlapping arguments is a question for another day, if relevant.

IT IS SO ORDERED.

Dated:   **April 17, 2024**

UNITED STATES DISTRICT JUDGE