**STANSBURY BROWN LAW, PC**
DANIEL J. BROWN (SBN 307604)
dbrown@stansburybrownlaw.com
GREGORY K. OKADA (SBN 352303)
gokada@stansburybrownlaw.com
2610 ½ Abbot Kinney Blvd.
Venice, CA 90291
Tel: (323) 204-3124

Attorneys for Plaintiff FILEMON COLORES

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| FILEMON COLORES, as an individual and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RAY MOLES FARMS, INC., a California Corporation; and DOES 1 through 100,<br><br>Defendant | Case No. 1:21-cv-00101-JLT-FJS<br>(Consolidated with 1:21-cv-00467-JLT-BAM)<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER (1) RE: PLAINTIFF'S STANDING; (2) LIFTING STAY; AND (3) REMANDING PAGA ACTION TO THE TULARE COUNTY SUPERIOR COURT** |
| RAY MOLES FARMS, INC., a California Corporation<br><br>Cross-Complainant,<br><br>vs.<br><br>FILEMON COLORES, as an individual and on behalf all others similarly situated,<br><br>Cross-Defendants. | |

Plaintiff Filemon Colores ("Plaintiff"), Defendant Ray Moles Farms, Inc. ("RMFI"), and specially appearing movant Ermel Ray Moles ("Mr. Moles"), through their counsel, stipulate as follows:

1. By order filed March 31, 2023 (Doc. 64), the Court compelled arbitration of Plaintiff's first seven causes of action and of his individual PAGA claim, dismissed the first seven causes of action without prejudice, and stayed Plaintiff's representative PAGA claims. No class claims remain in this action.

2. Plaintiff, RMFI and Mr. Moles have settled Plaintiff's individual, non-PAGA claims in the arbitration. The settlement expressly excludes, and does not release, dismiss or adjudicate, any claim for civil penalties under the Labor Code Private Attorneys General Act of 2004 (the "PAGA Claims"), including Plaintiff's individual PAGA claim and his PAGA claims on behalf of other employees.

3. Mr. Moles withdrew his Motion for Declaratory Relief (Doc. 96) on October 8, 2026 (Doc. 106), and the Court terminated that motion and vacated the hearings on it and on Plaintiff's Counter-Motion (Doc. 108). By stipulation filed October 14, 2026 (Doc. 111), Plaintiff withdrew the Counter-Motion (Doc. 105) without prejudice, and Plaintiff and Mr. Moles reported the settlement and agreed that the stay would remain in place pending the conclusion of the arbitration. By order filed October 20, 2026 (Doc. 112), the Court withdrew the Counter-Motion without prejudice, ordered that the stay remain in place pending the conclusion of the arbitration, and directed a further joint status report within 21 days after the final award or by January 12, 2027.

4. Plaintiff's individual PAGA claim has been withdrawn from the arbitration without prejudice. RMFI and Mr. Moles waive any right to compel arbitration of any PAGA Claim and consent to the litigation of all PAGA Claims, as defined in section 1.2 of the settlement agreement, including Plaintiff's individual PAGA claim, in court. Accordingly, the arbitration will conclude without any determination of Plaintiff's status as an aggrieved employee, and the reason for the stay stated in the Court's September 25, 2023 order (Doc. 67) no longer exists. Although the Court's October 20, 2026 order (Doc. 112), entered on the stipulation of Plaintiff

and Mr. Moles (Doc. 111), provides that the stay remains in place pending the conclusion of the arbitration, the only proceeding remaining in the arbitration is Plaintiff's motion for attorneys' fees and costs, which does not bear on the PAGA Claims or on Plaintiff's status as an aggrieved employee, and the Parties therefore now jointly request that the stay be lifted.

5. The Parties stipulate that Plaintiff is and remains an aggrieved employee within the meaning of Labor Code section 2699 with standing to prosecute the PAGA Claims, notwithstanding the settlement of his individual, non-PAGA claims. The Parties further stipulate that Plaintiff was employed by RMFI, including on dates within the period from November 21, 2019 through February 6, 2020, and that they will not contend in this or any other court that Plaintiff lacks standing, or that any PAGA Claim is barred, released, precluded or moot, by reason of the settlement, the payment made under it, the withdrawal of the individual PAGA claim from the arbitration, the conclusion of the arbitration, or any award or judgment in it.

6. The Parties jointly request that the Court lift the stay entered March 31, 2023 (Doc. 64) and continued by the orders of September 25, 2023 (Doc. 67) and October 20, 2026 (Doc. 112).

7. The PAGA Claims were pleaded in Case No. 1:21-cv-00467 (Tulare County Superior Court Case No. VCU285947), which was consolidated into this action (Doc. 10). The Parties stipulate to, and jointly request, remand of that action, including the PAGA Claims in their entirety, to the Superior Court of California, County of Tulare. No claim by Plaintiff remains pending in Case No. 1:21-cv-00101 (Tulare County Superior Court Case No. VCU285177), Plaintiff's first seven causes of action having been dismissed without prejudice (Doc. 64). RMFI dismisses its cross-complaint (Doc. 12) without prejudice.

8. Following remand, Mr. Moles will stipulate to the filing of an amended complaint naming him as a defendant on the PAGA Claims and will accept service through counsel, without prejudice to any demurrer, motion to strike or other responsive pleading he may choose to file, other than a challenge waived in paragraphs 4 and 5.

IT IS SO STIPULATED.

Dated: October ___, 2026

**STANSBURY BROWN LAW, PC**

By: _/s/ ________________________________
Daniel J. Brown
Gregory K. Okada
Attorneys for Plaintiff FILEMON COLORES

Dated: October ____, 2026

**CAMPAGNE & CAMPAGNE, A PROFESSIONAL CORPORATION**

By: __/s/_______________________________
Thomas E. Campagne
Kyle Zoldoske
Attorneys for Defendant and Cross-Complainant RAY MOLES FARMS, INC.

Dated: October ___, 2026

**GEORGESON LAW OFFICES**

By: _/s/________________________________
C. Russell Georgeson
Robert J. Willis
Attorneys for Real Party in Interest ERMEL RAY MOLES

**[~~PROPOSED~~] ORDER**

On the stipulation of the Parties, and good cause appearing, IT IS ORDERED:

(1) The Court approves the Parties' stipulation regarding Plaintiff's standing to prosecute the PAGA Claims.

(2) The stay entered March 31, 2023 (Doc. 64) and continued by the orders of September 25, 2023 (Doc. 67) and October 20, 2026 (Doc. 112) is lifted.

(3) RMFI's cross-complaint (Doc. 12) is dismissed without prejudice.

(4) Case No. 1:21-cv-00467 (Tulare County Superior Court Case No. VCU285947), including the PAGA Claims in their entirety, is remanded to the Superior Court of California, County of Tulare.

(5) The Clerk is directed to terminate any open motions and close this consolidated action.

IT IS SO ORDERED.

Dated: November 2, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE